## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |
|---|---|
| **JOEY A. CLEMENTS, d/b/a**<br>**Bre-Jo Heavy Construction, and**<br>**Ricky Homes,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| **Appellants,** | ) <br> ) |
| **v.** | ) **CIVIL ACTION NO. 12-0252-CG-N** <br> ) <br> ) **BANKRUPTCY NO. 09-15453-MAM-13** <br> ) |
| **JERRY LEE WHITE and**<br>**KAREN DUNNAWAY WHITE,** | ) <br> ) <br> ) <br> ) |
| **Defendants** | ) |

## ORDER

This matter is before the court on Appellees' motion to dismiss (Doc. 5) and

Appellants' opposition thereto (Doc. 7). As explained below, the court finds that

Appellant's notice of appeal was timely. However, Appellants have failed to

sufficiently designate the record and state the issues on appeal and the court finds

that dismissal is appropriate under the circumstances. Accordingly the motion to

dismiss will be granted.

## BACKGROUND

On February 10, 2012, Appellants filed a Notice of Appeal in the Bankruptcy

Court appealing "under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of

the bankruptcy judge, Margaret A. Mahoney, entered in this Proceeding on the 2nd day

of February, 2012." (Doc. 1, p. 2). That notice was forwarded to this court, on April 12,

2012, along with a letter from the Bankruptcy Clerk stating that neither the designation of record nor the statement of issues has been received. (Doc 1, p. 1).

The Docket Report from the bankruptcy case indicates that the February 10, 2012, Notice of Appeal was initially filed incorrectly as a "Notice RE: Appeal", rather than as a "Notice of Appeal to District Court." An entry on the docket directs counsel to re-file the notice. (Bankr. Doc. entry dated 2/17/2012). On February 17, 2012, the Notice of Appeal was re-filed with a docket notation stating "Appellant Designation due by 03/2/2012". (Bankr. Doc. 80). On February 22, 2012, Appellants filed the Notice of Appeal a third time along with a letter certifying that a copy of the Notice had been mailed to the appropriate parties.

On April 23, 2012, after receiving no further filings from Appellants, this court ordered Appellants to file their designation of record and statement of the issues on or before April 30, 2012. (Doc. 2). The court warned appellants that their failure to do so would result in the appeal being dismissed for failure to prosecute. (Doc. 2). On April 30, 2012, Appellants filed a designation of the record stating that they were offering the following items from the record:

> 1. The underlying state court Civil Complaint exhibits offered during the hearing on January 18, 2012.

(Doc. 3, p. 4). The filing also listed the statement of the issues as follows:

> 1.    Breach of Contract
> 2.    Unjust Enrichment
> 3.    Estoppel

2

4.    Apparent Authority

(Doc. 3, p. 4).   The Bankruptcy Court provided copies of documents that had been
designated on the Bankruptcy Docket, which included an Objection to Joey Clements'
Claim, Claim #17 (Bankr. Doc. 50), a Motion to Vacate/Set Aside Order granting the
Debtor's Motion to Reduce and Allow Claim #17 (Bankr. Doc. 69) and several Minute
Entries regarding the hearings held and rulings read (Bankr. Docs. 56, 71, 73, 74, 76).
The one page claim objection states that claim #17 by Joey A. Clements, is disputed, is
in excess of the amount owed and includes no itemization. (Doc. 3, p. 22).   The two
page motion to vacate requests that Mr. Clements be granted relief from the
bankruptcy stay to pursue a complaint for breach of contract, fraud and negligence
against the Debtors and that Clements be allowed "to file an amended proof of claim,
if necessary, to reflect the balance for any Deficiency upon the entry of this order."
(Doc. 3, p. 24-25).   The Docket Report indicates that a ruling on Clements' motion to
Vacate/Set Aside. was read into the record on January 30, 2012 (Bankr. Doc. 76) and
that an Order denying same was entered on February 2, 2012 by the Bankruptcy
Court (Bankr. Doc. 77).

## DISCUSSION

Appellees move to dismiss this appeal asserting that: (1) the Notice of Appeal
was not timely filed within 14 days as required by FED. R. BANKR. P. 8002(a); (2)
Appellant did not file a designation of the record and a statement of the issues within

14 days of filing the Notice of Appeal as required by FED. R. BANKR. P. 8006; and (3) the designation of the record and statement of the issues filed on April 30, 2012 is insufficient.  Appellants respond that they timely filed the Notice of Appeal on February 10, 2012, and complied with the time frame given by the clerk's office when they were informed that additional documents had to be filed.  Appellants further argue that Rule 8001 provides that the "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate which may include dismissal of the appeal."

An analysis of whether a Notice of Appeal has been timely filed has been described by another District Court in this Circuit as follows:

> To take an appeal, Bankruptcy Rule 8001(a) provides, in relevant part, that the appellant's notice of appeal "shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8001(a). The Rule further provides that "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court ... deems appropriate, which may include dismissal of the appeal." Id.

> The 'Official Form' referenced in Rule 8001(a), Official Form 17, calls for essentially the same information as Fed. R. App. P. 3(c)(1) requires in a notice of appeal from a district court judgment or order. Thus, the cases addressing the appellate rule provide guidance in interpreting the requirements of Rule 8001(a).

4

In re Connolly North America, LLC, 432 B.R. 244, 247 (E.D.Mich., 2010). The requirements of Appellate Rule 3 are that a "notice of appeal must: (A) specify the party or parties taking the appeal by naming each one in the caption or body of the notice ... (B) designate the judgment, order, or part thereof being appealed; and (C) name the court to which the appeal is taken." Fed.R.App.P. 3(c)(1).

Additionally, "[a]n appeal must not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice." Fed. R.App. P. 3(c)(4). The advisory committee's notes to Rule 3 provide that "it is important that the right to appeal not be lost by mistakes of mere form." The notes also provide:

> Finally, the rule makes it clear that dismissal of an appeal should not occur when it is otherwise clear from the notice that the party intended to appeal. If a court determines it is objectively clear that a party intended to appeal, there are neither administrative concerns nor fairness concerns that should prevent the appeal from going forward.

Fed. R.App. 3 (advisory committee's notes). "[S]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Advisory Committee Notes, Fed. R.App. P. 3, citing Cobb v. Lewis, 488 F.2d 41 (5th Cir.1974); Holley v. Capps, 468 F.2d 1366 (5th Cir.1972). "The Supreme Court has emphasized that 'imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, [and] to which appellate court.' " Becker v. Montgomery, 532 U.S. 757, 767, 121 S.Ct. 1801, 1808, 149 L.Ed.2d 983 (2001), quoted in In re Connolly North America, LLC, 432 B.R. 244, 247 (E.D.Mich., 2010). Similarly, the Sixth Circuit has construed Becker "as indicating that the courts should 'liberally construe the requirements of Rule 3 to permit notices of appeal technically at variance with the letter of a procedural rule but that amount to the functional equivalent of what the rule requires.' " Isert v. Ford Motor Co., 461 F.3d 756, 759 (6th Cir.2006) (internal quotation marks and citations omitted), quoted in In re Connolly, 432 B.R. at 247.

Rule 8002 sets forth the fourteen day time limit for filing a notice of appeal. Courts have held that the rule "applies equally to amended notices of appeal as well as notices of appeal." In re Burns, 322 F.3d 421, 430 (6th Cir.2003). It is true that an amended notice cannot circumvent Rule 8002's time limit for filing notices of appeal if the party is "amending an earlier notice to add parties or claims long after the proper period had expired." F.P.P. Enters. v. United States, 830 F.2d 114, 118 (8th Cir.1987), quoted in In re Burns, 322 F.3d at 430.

Holmes v. Educational Credit Management Corp., 2011 WL 4861871, *2 (N.D. Fla. Sept. 7, 2011) (internal footnote omitted).

In the instant case, the original notice of appeal, although incorrectly filed, clearly indicated that Appellants intended to appeal. The notice, which was served on counsel and was dated and filed February 10, 2012, stated that Appellants were appealing the order entered on February 2, 2012, under 28 U.S.C. § 158(a) or (b). As such, there are neither administrative concerns nor fairness concerns relating to the timeliness of the notice of appeal that should prevent the appeal from going forward. As the Northern District of Florida stated, "[[s]]o long as the function of notice is met by the filing of a paper indicating an intention to appeal, the substance of the rule has been complied with." Id. (quoting Advisory Committee Notes, FED. R. APP. P. 3). There is no genuine doubt as to who is appealing, from what judgment, or to which court.[1] Accordingly, the court finds that the notice of appeal was timely filed.

---

[1] The court notes that the notice of appeal states that the appeal is under § 158(a) or (b). Under § 158(a) an appeal is directed to the district court. Section 158(b) provides that an appeal may be made to a bankruptcy appellate panel. Such panels, which are

However, Appellants' failure to timely file a sufficient designation of the record and statement of the issues is more problematic. The purpose of the record designation and submission requirement is to provide the reviewing court with the means to apply the relevant law to the facts of the case. In re CPDC Inc., 221 F.3d 693, 698 (5th Cir. 2000).  "The burden of providing the district court with an adequate record on appeal from the bankruptcy court is on the appellant". In re Winters, 1994 WL 397939, *4 (N.D. Ill. July 15, 1994), (citing Matter of Thompson, 140 B.R. 979, 982 (N.D. Ill. 1992)). "An adequate designation of issues on appeal is also necessary to put the appellee on notice as to which issues it must defend against and whether the appellant's designation of issues will produce a record adequate for the appellate court". In re Winters, 1994 WL 397939 *4 (N.D. Ill. July 15, 1994), (citing 9 Collier on Bankruptcy ¶ 8006.04).  Appellant is responsible for presenting the issues Appellees must refute.

In the instant case, Appellant did not timely file the designation of the record or the statement of the issues and even after being ordered to file them, merely listed four phrases as their statement of the issues: (1) Breach of Contract, (2) Unjust

---

typically created at the determination of each individual circuit, are comprised of bankruptcy judges and replace the district court in the appellate chain unless one of the parties opts to have the appeal heard by the district court instead.  However, the Eleventh Circuit has not established a bankruptcy appellate panel. The First, Sixth, Eighth, Ninth and Tenth Circuits have bankruptcy appellate panels; the Second, Third, Fourth, Fifth, Seventh, and Eleventh do not.  Thus, although the notice stated that it was under § 158(a) or (b), it is clear that the appeal was to district court.

Enrichment, (3) Estoppel, and (4) Apparent Authority.  The court notes that none of the designated documents provided to the court shed any light on how the above-listed issues allegedly apply to this case.  The findings of fact and conclusions of law of the Bankruptcy Court on the Order being appealed from is not part of the designated record on appeal.[2]  The court finds the Appellant's designation of the record and statement of the issues do not apprise the court sufficiently of the issues  presented or give Appellees sufficient notice as to what they must defend against.

Rule 8001 provides that the "failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate which may include dismissal of the appeal." FED. R. BANKR. P. 8001(a).  In determining an appropriate penalty under Rule 8001(a), district courts should normally "provide notice of the potential dismissal and an opportunity for the errant litigant to explain its conduct." English-Speaking Union v. Johnson, 353 F.3d 1013, 10222 (D.C. Cir. 2004).  Courts should then determine an appropriate sanction based on the factual circumstances before them and if the sanction is dismissal, should "explain[ ] why it is in the interest of justice to dismiss rather than to proceed to the merits." English-

---

[2] The court has not yet been provided with a transcript of the hearing in which the bankruptcy judge's findings of facts and legal reasoning were read into the record. The bankruptcy docket indicates that the reading of the ruling on January 30, 2012 has been transcribed, but that the transcript access was restricted until May 22, 2012. (Bankr. Doc. 81).

<u>Speaking Union</u>, 353 F.3d at 1022.  Such consideration allows courts to "achieve the proper balance between trying cases on the merits and managing their dockets efficiently." <u>Id.</u>  In making this determination, courts have identified a number of factors that are potentially pertinent based on the factual circumstances of the case to assist judges in determining whether dismissal is appropriate under Rule 8001(a). Dismissal is appropriate in this circuit where there is a showing of bad faith, negligence, or indifference. <u>In re Beverly Manufacturing</u>, 778 F.2d 666, 667 (11th Cir. 1985) (citing <u>In re Winner Corp.</u>, 632 F.2d 658 (6th Cir. 1980)).  Further, "[d]ismissal typically occurs in cases showing consistently dilatory conduct or the complete failure to take any steps other than the mere filing of a notice of appeal." <u>Id.</u> (citing <u>In re Cesar Quevedo</u>, 35 F.R. 117 (Bkrtcy. D.P.R. 1983)); <u>see</u> <u>also</u> <u>In re CPDC</u>, 221 F.3d 693, 701 (5th Cir. 2000) (concluding that as there was no evidence of prejudice or "obstinately dilatory conduct" and the purpose of Rule 8006 had been satisfied, that dismissal was not justified); <u>In re Comer</u>, 716 F.2d 168, 177 (3d Cir. 1983).  Courts should also "consider whether a lesser sanction would be appropriate." <u>In re Harris</u>, 464 F.3d 263, 272 (2d Cir. 2006); <u>see</u> <u>also</u> <u>In re Fitzsimmons</u>, 920 F.2d 1468, 1474 (9th Cir. 1989) (directing district courts to consider alternative sanctions and relative fault of the client and attorney, unless egregious circumstances exist, as well as the existence of bad faith); <u>In re SPR Corp.</u>, 45 F.3d 70, 74 (4th Cir. 1995).

While Appellants have taken steps beyond the mere filing of the appeal, they have shown a consistent inability to follow the rules of procedure or respect deadlines.[3]  The court provided Appellants with notice of the potential dismissal and gave Appellants an opportunity to file their designation of the record and statement of the issues, but Appellants have still failed to provide sufficient information for this case to proceed.  The court has also not yet been provided with a transcript of the reading of the ruling in which the bankruptcy judge's findings of facts and legal reasoning were read into the record.  The bankruptcy docket indicates that the reading of the ruling on January 30, 2012, has been transcribed and was available for purchase before the release date, but that the transcript access was restricted until May 22, 2012. (Bankr. Doc. 81).

Although the transcript appears to be essential to the appeal, Appellants have apparently not designated the transcript and arranged for the bankruptcy court to forward the transcript to this court and have not otherwise provided the transcript to this court.[4]  Some courts have held that the failure to provide the transcript is grounds

---

[3] Appellants have also not complied with Fed. R. Bankr. P. 8009(a)(1) which requires that appellants file and serve a brief within 14 days after entry of the appeal on the docket.

[4] Fed. R. Bankr. P. 8006 includes the following:
> If the record designated by any party includes a transcript of any proceeding or a part thereof, the party shall, immediately after filing the designation, deliver to the reporter and file with the clerk a written

10

for dismissal. <u>See</u> <u>In re Buccolo</u>, 308 Fed.Appx. 574, 575, (3rd Cir. 2009) ("Buccolo did not comply with the Bankruptcy Rules for filing a brief within 15 days of the docketing of his appeal, <u>see</u> Fed. R. Bankr.P. 8009(a)(1), or for providing for the transcript of the Bankruptcy Court proceedings, <u>see</u> Fed. R. Bankr.P. 8006. Either of these violations is grounds for dismissal under Bankruptcy Rule 8001."); <u>but</u> <u>see</u> <u>In re Harris</u>, 464 F.3d 263, 272 -273 (2nd Cir. 2006) (finding failure to provide transcript did not warrant dismissal where appellant, although licensed attorney was acting pro se and believed the transcript was unnecessary because it contained only argument, not testimony).

More than three and a half months have passed since Appellants first filed their notice of appeal and Appellants have still not provided this court with the proper documents and information for the case to proceed and for Appellees to know what they are defending against. The court finds that Appellants' conduct demonstrates that bad faith, negligence or indifference exists in this matter. The court further finds that Appellants' actions can not satisfactorily be addressed by discovery sanctions or other sanctions short of dismissal. Accordingly, the court finds it is in the interest of justice that this case be dismissed.

---

request for the transcript and make satisfactory arrangements for payment of its cost. All parties shall take any other action necessary to enable the clerk to assemble and transmit the record.

**CONCLUSION**

For the reasons stated above, Appellees' motion to dismiss (Doc. 5) is

**GRANTED**.

      **DONE and ORDERED** this 6th day of June, 2012.


                     /s/  Callie V. S. Granade
                     UNITED STATES DISTRICT JUDGE